FRANCIS E. BROOKS, PLAINTIFF AND APPELLANT, *v.* HENRY E. ANKENY, C. M. CARTWRIGHT, B. F. HARDING, AND J. M. PRITCHARD, DEFENDANTS AND RESPONDENTS.

EQUITABLE ESTATE OF MARRIED WOMAN — POWER OF COURT IN DIVORCE PROCEEDINGS.—Where a married woman, in 1862, filed a petition to obtain a divorce from her husband under the act of January 17, 1854, and it appeared from facts set forth in the petition that she had an equitable estate in a portion of a tract of land for which her husband had the legal title, the court in granting a divorce had authority under that act to render a decree that the divorced husband should pay her a sum of money in lieu of her equitable interest, and at the same time divest her of such equitable estate and vest the same in the husband absolutely.

ESTOPPEL—ACCEPTANCE OF MONEY DECREED IN LIEU OF EQUITABLE INTEREST, EFFECT OF.—The court having rendered a decree in such divorce suit that the husband should pay to the wife a sum of money in lieu of her equitable estate in his land, which was paid to and accepted by her, she is thereby estopped from asserting her equitable title to the land; and the decree rendered in the divorce case is a bar to a suit afterwards brought for its recovery.

APPEAL from Marion County.

In 1856, and long prior thereto, the appellant was the wife of the respondent, Pritchard, who was a settler upon three hundred and twenty acres of land in Marion county under the act of congress known as the "donation law," which gives to the wife of a settler one half of the donation acquired. Pritchard, desiring to exchange this tract for another of like extent, it is alleged promised the appellant that if she would join in a deed of conveyance to the donation claim he would cause one hundred and sixty acres of the land taken in exchange to be conveyed to her. She did so join in the conveyance, and the exchange was effected. Pritchard did not cause any part of the lieu lands to be conveyed to the appellant, but took the entire parcel to his own name.

On the thirteenth of October, 1856, the appellant, learning that her husband had not complied with his promise, took from him a deed, executed by him, which attempted to convey to her one hundred and sixty acres of the exchange lands. This deed was duly recorded on November

4, 1856. In March, 1862, the appellant petitioned in the circuit court for Marion county for a divorce from Pritchard. In her petition she alleged that Pritchard had a fee-simple title to about seven hundred acres of land in Marion county. It is alleged that the said seven hundred acres includes the one hundred and sixty acres claimed by the appellant. On the twenty-fourth of the same month a decree was rendered granting the divorce prayed for, and directing that Pritchard should pay to the appellant money and other personal property aggregating about one thousand dollars, and that her interest in the real estate of Pritchard be divested. In December, 1862, Pritchard conveyed the one hundred and sixty acres in question to the respondent, Harding, from whom it passed by deed through Cartwright to Ankeny. This suit is brought to compel Ankeny to convey to appellant the legal title to the one hundred and sixty acres in question.

*Strahan & Burnett, Powell & Flinn, and Bonham & Ramsey,* for appellant:

Pritchard purchased the land in controversy with the appellant's property, but took the deed thereto in his own name, without appellant's knowledge or consent. This created a resulting trust in Pritchard for appellant's use. (*Linville* v. *Smith,* 6 Or. 202; 6 Id. 231; 2 Washburn on Real Prop. 449, note 7; 1 Hilliard on Real Prop. 428.) Prichard, as trustee of the appellant, could not dispose of said land, so as to deprive the plaintiff thereof, to any person having notice of appellant's interest. (Perry on Trusts, secs. 217, 828, 835; 2 Washburn on Real Prop. 450, 478, 482; 38 Mo. 546; 41 Ala. 262; 31 Cal. 17; 2 Duv. (Ky.) 655; 1 Story Eq. Jur., sec. 395.) The record of the deed from Packard to appellant was notice to all the world. (Perry on Trusts, sec. 223; Code, 518, sec. 26.) A decree divesting the appellant of her interest in the land of Prichard could not have the effect of divesting her of her own land, and vesting the same in Pritchard. The decree of the court only operated to divest appellant of her contingent right of dower in the land of said Pritchard. In equity the *cestui que trust* is seised absolutely of the freehold, and the trust

estate is considered as equivalent to the legal ownership. (2 Wash. on Real Prop. 455.)

To constitute an estoppel by record in this case, it is necessary that the record should disclose that the appellant claimed certain facts in her petition in the former suit, which must be denied or contradicted to enable her to maintain this suit, and that such facts were necessary and material to the cause of action in the former suit, and that the issue raised thereby was tried on its merits. (Bigelow on Estoppel, 82, 83, note 3; 109 Mass. 265; 44 N. Y. 1; 33 Id. 63; 35 Wis. 141; 31 Conn. 417; 3 Comst. 511; 50 Pa. St. 17; 2 Leading Cas. in Eq., 620, 627, 671.)

There is nothing in the petition for divorce that is inconsistent with the appellant's present claim. We have been unable to find a case or an authority authorizing a court in a suit for a divorce to hear and determine a contest as to the ownership of land between the parties thereto, or to determine their respective interests therein. If the court had attempted to pass upon plaintiff's right to the one hundred and sixty acres of land in controversy in the divorce suit, such action would have been without jurisdiction, and of course would not be binding by way of estoppel or otherwise. (Herman on Estoppel, sec. 201; Id., secs. 40, 95.)

But if the court could in such case hear and determine such contest; then, as the allegations in the petition must be taken as confessed for want of an answer, the conclusion is inevitable that the court considered the land in controversy as the absolute property of the appellant. (Washburn on Real Prop. 455.) Or else that the court considered the allegations insufficient for want of a proper or certain description as to the one hundred and sixty acres of land that the plaintiff claimed, and therefore disregarded the same; and in either case there could be no estoppel.

The grantees of Pritchard are bound by notice: 1. Of the deed of October 13, 1856; and, 2. By the claim of the appellant in the petition for divorce; and, 3. That the court must have regarded appellant as the owner of the land in rendering the decree for divorce, for that is the only equi-

table construction that can be put upon the decree. (1 Story's Eq. Jur., sec. 64: Perry on Trusts, sec. 824.)

Where lands were given to the separate use of married women, and the husband in possession made conveyances in mortgage, it was held that the grantees or mortgagees were bound to notice the equitable construction of the will as a doctrine well understood, and the same rule applies to. leases. (Perry on Trusts, sec. 834.)

And the taking of a legal estate with notice of a prior right, makes a person a *mala fide* purchaser. (Wade on Notice, sec. 50, 51; 2 Leading Cases in Eq.; *Le Vene* v. *Le Vene*, 23; 1 Wash. on Real Prop., 5, 54, 58, 59, 62; *Hill* v. *Cooper*, 6 Or. 181; Code, sec. 726.)

Appellant could not be barred or estopped by the recitals in the petition for divorce, as she was a married woman. (Bigelow on Estoppel, 443, 444, note 1; 2 Gray, 121; 10 Allen, 512; 117 Mass. 241; 10 Cush. 276.

There is another reason for construing the decree of the court set up as a bar, as contended for by the appellant. To construe said decree as claimed by the respondents, is to say that the court divested the appellant of her property and gave it to respondent because she had just cause of divorce against him. This would be contrary to the maxim that "no man should take advantage of his own wrong;" and to give this decree the construction asked for by respondents, would be in effect saying that the court decreed that he should profit by his own wrong; and the court would thereby assume the authority to divest the appellant, who was guilty of no wrong, of her property, and vest the same in the respondent, who was the wrong-doer, which is contrary to the first principles of constitutional law and to common honesty and common justice. The principle that a person found guilty of wrong should forfeit his property, is abrogated by the constitution of the United States. It was founded in oppression and barbarism. But the principle that the person wronged should be divested of his or her property, and that the same should be vested in the wrong-doer, has never yet been sanctioned or recognized by a court of justice. The legislature can not enact a law, nor can a

court pronounce a decree which will operate to arbitrarily take the property of A. and give it to B. (*Winehamer* v. *The People*, 13 N. Y. 390.)

*Knight and Lord,* for respondents:

The pleadings and decree in the divorce suit show conclusively that the matter sought to be litigated was fully determined in that suit, and that plaintiff is estopped under the well established rule that "The judgment of a court of concurrent jurisdiction directly upon the point is, as a plea, a bar, and as evidence conclusive between the same parties upon the same matter directly in another court," or as the rule has been more liberally stated by a later decision: "Where a court in a former action between the same parties had jurisdiction over. the subject and the parties, and the question of fact were the same as in subsequent action and were necessary to its decision, and either were or might have been litigated in the suit, and the final hearing was upon its merits, the judgments is *res adjudicata* as to all those things that were, or under the pleadings might have been, controverted in that action whose adjudication was necessary to the final disposition of the case." (Freeman on Judgments, secs. 283 and 284, and notes; 5 Rob. 38; 7 Cal. 250; 2 Mo. 282.)

The power of the court in divorce suits to dispose of the property of the parties, is fully conferred under section 8, Territorial Laws. . (Mis. Laws, 496.) "A bill filed for a divorce is to be taken against the party filing it as true. The recitals in a decree are conclusive against the party who sought it." (22 Ill. 390.)

By the Court, KELLY, C. J.:

The deed of J. M. Pritchard to his wife, the appellant, dated October 13, 1856, being between husband and wife, was void in law, but it nevertheless conveyed to her the equitable title to the one hundred and sixty acres described therein, which title she held at the time she procured a divorce from her husband in 1862. And the question now arises, what was the effect of the decree of divorce upon this equitable

title? This, indeed, is the only question in the case. The statute then in force in this state in relation to the proceedings in divorce suits provided that "In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of children." (Statutes of Oregon, 1855, p. 540.) Under this statute, when a decree of divorce was granted, a duty was imposed upon the court to make such a disposition of the property of both parties to the suit as under all circumstances should appear to the court to be equitable and just. In such cases it had jurisdiction over the property of both parties, as well as over their persons. This was expressly given by the law. In the case under consideration the appellant in her petition for a divorce from John M. Pritchard sets forth facts which show that she had a resulting trust in the lands of her husband because her real estate had been exchanged in part payment of it. And she asked the court to decree and set apart to her such real estate "or other property" as would be sufficient to reinstate her in her just rights to the donation claim exchanged for the land which she alleged was conveyed in fee-simple to her husband. In compliance with this prayer in her petition, the court in its decree ordered and directed the defendant, Jno. M. Pritchard, to deliver to her certain personal property, and pay her money amounting in all to one thousand dollars, and at the same time divested her of all her interest in law and equity in and to the real estate of her husband, and decreed that it should belong to him absolutely. This is the land now in controversy, and we think that after the decree of divorce the appellant ceased to have any equitable estate or interest in it. That the court had power under the act of January 17, 1854, to transfer by its decree the property of one of the parties in a divorce suit to the other, is not now an open question. That was determined by this court in the case of *Doscher* v. *Blackiston*, decided at this term of the court.

But it is objected to the validity of the decree in respect to the land, that the court had no authority to adjudicate and determine the contest as to the ownership of the land between the appellant and her husband, in the divorce suit, and therefore the decree is not binding on her by way of estoppel. The court did not decide any disputed right of property in that case. . There was no contest in regard to it, and the court only made such a disposition of the property as the statute authorized it to make.

It is also objected that there was no sufficient description of the land in appellant's petition for a divorce so as to authorize the court to make any decree disposing of her interest in it. We think there was no necessity for any description of it. Appellant alleged in the petition that her husband was the owner in fee-simple of certain real estate, and set forth facts showing that she had an equitable interest in it. She asked for and obtained a decree giving her other property in lieu of it. The legal title to the land was already in her husband, and no transfer of it was sought. No description of it was therefore necessary, either in the petition or in the decree of the court. There was no error in the proceedings of the circuit court, and the decree will be affirmed.